IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| BARBARA JACKSON and SANDRA SCHAAF, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | 4:00-CV-184 (WDO) |
| | : | |
| EQUICREDIT, et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

Plaintiffs brought this suit alleging they were fraudulently induced by the Defendants into procuring mortgages for their residential real property. On May 28, 2004, the Court entered summary judgment for the Defendants on all of the Plaintiffs' claims. On September 30, 2004, the Court denied the Plaintiffs' motion for reconsideration and granted Equicredit's counterclaim against Plaintiff Jackson for the amount due on her mortgage. Equicredit had not filed a counterclaim for the amount owed on Plaintiff Schaaf's mortgage because she did not default on her mortgage until after Equicredit's motion for summary judgment was filed. In the September 30, 2004 order, the Court instructed Equicredit to file a separate motion supporting its request for attorney's fees and costs. The motion for attorney's fees and costs is now before the Court.

Pursuant to O.C.G.A. § 13-1-11

Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectible as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after

1

maturity, subject to the following provisions:

(1) If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness;

(2) If such note or other evidence of indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00;

(3) The holder of the note or other evidence of indebtedness or his attorney at law shall, after maturity of the obligation, notify in writing the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees. If the maker, endorser, or party sought to be held on any such obligation shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement. The refusal of a debtor to accept delivery of the notice specified in this paragraph shall be the equivalent of such notice.

"This provision is enforceable so long as: (1) the note's terms include an obligation to pay attorney fees; (2) the debt owed under the note has matured; (3) notice was given to the debtor informing him that if he pays the debt within ten days of the notice's receipt, he may avoid attorney fees; (4) the ten day period has expired without payment of the principal and interest in full; and (5) the debt is collected by or through an attorney." TermNet Merchant Services, Inc. v. Phillips, 588 S.E.2d 745, 747 (Ga. 2003). Because of the legislature's use of the mandatory term "shall," courts are without discretion to deny an award of fees if the above conditions are met. Id.

In the case at bar, all of the statutory requirements for attorney's fees have been met. The Note and Security Deed executed by Plaintiff Jackson included a provision for fees. Jackson defaulted on the Note when she stopped making the required payments. Equicredit provided the requisite 10-day notice when it served its Counterclaim on Jackson's attorney. Jackson answered the Counterclaim and has filed several pleadings related to the same. She has therefore been placed on "actual notice" of the claim.

In her response to Equicredit's motion for fees, Jackson did not refute that she defaulted on her mortgage or that Equicredit failed to comply with O.C.G.A. § 13-1-11. Jackson did not even address the specific amounts requested by Equicredit. Instead, Jackson again asked the Court to reconsider the summary judgment entered in Equicredit's favor. Jackson contends that because Michael Blount, the mortgage broker who assisted the Plaintiffs in procuring their mortgages, has pled guilty to defrauding Equicredit, Jackson should not be held responsible for the amount owed on her mortgage. The plea agreement shows that Equicredit was the victim of a scheme carried out by Blount and others. The plea agreement does not in any way refute that Plaintiff Jackson knowingly and willingly signed mortgage documents falsely stating that she was seeking refinancing on an existing mortgage and that she had lived on the subject property for eight years when she was in fact making the initial purchase of the property. Furthermore, although Jackson purported to file her response on behalf of Plaintiff Schaaf, Schaaf has no claim before this Court as she has settled all of her claims and there is no issue to be decided or reconsidered regarding Schaaf. Plaintiff Jackson's motion to reconsider is denied as it is time barred, procedurally barred and without merit.

Because Equicredit established its entitlement to attorney's fees and costs and

Plaintiff Jackson failed to refute the amount requested, Equicredit is HEREBY AWARDED the following: judgment for the principal amount of $111,357.88; accrued interest in the amount of $45,648.81; late charges in the amount of $1,551.56; advances for unpaid ad valorem taxes and property casualty insurance in the amount of $10,800.31 and attorney's fees in the amount of $15,725.67.  The Clerk of Court is directed to enter the standard order of costs for Equicredit.

**SO ORDERED this 24th day of May, 2005.**

**s/Wilbur D. Owens, Jr.**
**Wilbur D. Owens, Jr.**
**United States District Judge**